IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER LOUIS WAINE,** | 02:12-CV-01613-SU |
| Plaintiff, | ORDER |
| v. | |
| **STATE OF OREGON DEPARTMENT OF HUMAN SERVICES, CHILDREN, ADULTS AND FAMILIES DIVISION, and ITS AGENTS,** | |
| Defendants. | |

**CHRISTOPHER LOUIS WAINE,**
220 Heather Dr.
Stanfield, OR 97875
(541) 341-5309

       Plaintiff, *Pro Se*


**ELLEN F. ROSENBLUM**
Attorney General
**HEATHER J. VAN METER**
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301

       Attorneys for Defendants

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#8) on January 1, 2013, in which she recommends the Court grant Defendant State of Oregon Department of Human Services, Children, Adult, and Families Division's Motion (#4) to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismiss Plaintiff's Complaint with prejudice.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and state law alleging Defendant[1] violated Plaintiff's rights under the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and under state law.  The Magistrate Judge recommended this Court dismiss this case in its entirety with prejudice to refiling it in federal court on the ground that the Eleventh Amendment provides Defendant State of Oregon Department of Human Services, Children and Adult Services Division with immunity from a lawsuit in federal court.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

The parties did not file any objections to the Findings and Recommendation.  The Court, therefore, is relieved of its

---

[1] The Magistrate Judge noted the State of Oregon Department of Human Services, Children and Adult Services Division is the only party that has been served and, therefore, is the only party now presently before the Court.  This Court agrees.

2 - ORDER

obligation to review the record *de novo* as to these portions of the Findings and Recommendation. *Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error in the Magistrate Judge's Findings and Recommendation that the allegations made by Plaintiff in his Complaint do not state a claim on which relief can be granted in federal court against Defendant State of Oregon Department of Human Services, Children, Adults and Families Division based on its immunity from liability under the Eleventh Amendment and/or 42 U.S.C. § 1983.

　　The Court, however, notes Plaintiff appears *pro se,* and the Court is required to interpret his pleadings liberally. *See McRorie v. Shimoda,* 795 F.2d 780 (9th Cir. 1986). While the Court is satisfied Defendant State of Oregon Department of Human Services, Children and Adult Services Division enjoys Eleventh Amendment immunity, and, therefore, that Plaintiff cannot proceed against the State for the reasons the Magistrate Judge has already noted, Plaintiff also named as a Defendant but did not serve the State's "Agents." The Court is unable to determine from the record whether Plaintiff has any basis to proceed against individual defendant(s) who may not have such immunity.

　　Plaintiff should be allowed to amend his Complaint if he

3 - ORDER

wishes to assert a federal claim against any specifically named individuals on the ground that they violated an identified federal constitutional right of Plaintiff. *See Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995)(A "*pro se* litigant must be given leave to amend and some notice of the complaint's deficiencies unless they are incurable."). Accordingly, the Court grants this Plaintiff leave to file an amended complaint against any named individual defendant as long as Plaintiff is able to plead sufficient facts to show there is a legitimate federal constitutional claim to pursue against such individuals.

To state such a claim under 42 U.S.C. § 1983 with respect to individual defendants, Plaintiff "must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *See Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006)(citing *West v. Atkins*, 487 U.S. 42, 48, 108 (1988)). In order to be individually liable under Section 1983 a person must participate in the alleged deprivation. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). Thus, Plaintiff must be able to allege facts that show a particular person acting under color of law personally deprived Plaintiff of a federally protected right. If he can do so, the Court grants Plaintiff leave to file an Amended Complaint against such individual(s),

4 - ORDER

but not against the State of Oregon or its agencies.

## CONCLUSION

The Court **ADOPTS in part** Magistrate Judge Sullivan's Findings and Recommendation (#8) and, accordingly, **GRANTS** Defendant's Motion (#4) to Dismiss Plaintiff's Complaint against Defendant State of Oregon Department of Human Services Children, Adults and Families Division and **DISMISSES with prejudice to refiling such claim in federal court** Plaintiff's claims against that Defendant.  The Court, however, grants Plaintiff leave to file an Amended Complaint **no later than March 25, 2013,** if he wishes to assert a federal claim against any specifically named individual(s) who personally acted under color of state law and violated an identified federal constitutional right of Plaintiff, provided that Amended Complaint meets the standards explained above.

IT IS SO ORDERED.

DATED this 20th day of February, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

5 - ORDER